# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRUCE PAUL BYBEE,
          Plaintiff,

v.   No. CV-10-997 KBM/CEG

PODRAVKA PREHRAMBENA INDUSTRIA D.D., *et al.*,

          Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court, *sua sponte*, for a second Order to Show Cause. Plaintiff failed to respond to the Court's first Order to Show Cause. However, for the reasons described below, the Court finds that Plaintiff should be afforded an additional thirty days to show cause why his case should not be dismissed for failure to prosecute.

### I.   Podravka

Plaintiff filed his Complaint on October 21, 2010, alleging claims against Defendant corporation Podravka and several individual defendants who were once employed by Podravka. (Doc. 1 at 1-2). Podravka is a Croatian corporation and the individual defendants are Croatian nationals residing in Croatia. (*Id.*). While the individual defendants reside in Croatia, Podravka maintains an office in New York City. (*Id.* at 2). Podravka is an authorized foreign corporation in New York State, and the Secretary of State of New York is an agent appointed by law to receive process on Podravka's behalf.[1] N.Y. BUSINESS CORPORATION LAW § 306 (McKinney 2003). Podravka is amenable to service of process within the United States. FED. R. CIV. P. 4(h)(1)(B) ("[A] domestic or foreign corporation .

---

[1] Podravka is listed on the New York Department of State's webpage as an authorized foreign corporation in New York. *http://www.dos.state.ny.us/corps/bus_entity_search.html* (Type "Podravka" into "Business Entity Name" search box and follow hyperlink).

. . must be served in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."). Therefore, pursuant to FED. R. CIV. P. 4(m), Plaintiff had 120 days in which to serve Podravka with a copy of the summons and complaint or face the dismissal of Podravka from the case. On February 23, 2011, the Court ordered Plaintiff to show cause why his lawsuit should not be dismissed for failure to execute service of process. (Doc. 4). Plaintiff failed to respond or provide any evidence that he had attempted to serve a copy of the summons and complaint upon any of the Defendants. However, the order to show cause did not address the status of the individual foreign defendants. Because the individual defendants are not subject to Rule 4(m)'s 120 day rule, the Court finds it appropriate to enter a second Order directing Plaintiff to show cause within thirty days why he has failed to effect service in this case.

## II. Individual Defendants

As stated above, the individual defendants named in this case are foreign nationals, and are therefore not subject to the 120 day rule. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant . . . [T]his subdivision does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."). The Federal Rules of Civil Procedure do not specify a time limit for serving foreign nationals, largely because of the fact that "foreign service of process can be very complex and time consuming." *Loradl Fairchild Corp v. Matsushita Elec. Indus. Co.*, 805 F.Supp. 3, 5 (E.D.N.Y. 1992). Nevertheless, courts must be able to manage their dockets and the amount of time for serving foreign defendants is not unlimited. *See, e.g. Nylok Corp. v. Fastener World Inc.*,

396 F.3d 805 (7th Cir. 2005); *In Re Southold Development Corp.*, 148 B.R. 726 (E.D.N.Y. 1992). While the Tenth Circuit has not spoken to this issue directly, courts have held that, when it appears that a Plaintiff has unduly delayed service on foreign defendants, the proper action may be for the Court to dismiss the complaint for failure to prosecute pursuant to FED. R. CIV. P. 41(b). *See, e.g.*, *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc*, 201 F.3d 948, 951-52 (7th Cir. 2000); *Mantalbano v. Easco Hand Tools, Inc.*, 776 F.2d 737, 740 (2nd Cir. 1985); *Rubicon Global Ventures, Inc. v. Chonqqing Zongshen Group*, 2011 WL 3386581 at *1-2 (D.Or. August 25, 2010).[2]

Plaintiff filed his Complaint over five months ago and has seemingly taken no action to move the case forward since then. Plaintiff failed to respond to the Court's February 22 Order to Show Cause and there is no indication that Plaintiff has attempted to serve any of the Defendants. This delay warrants notice to Plaintiff that his case is subject to dismissal. *Thayer v. Dial Indus. Sales, Inc.*, 85 F.Supp.2d 263, 266 n.1 (S.D.N.Y. 2000) (dismissing Plaintiff's case for lack of prosecution when the action had been pending for six months without any indication that Plaintiff was attempting to effect service).

**IT IS THEREFORE ORDERED** that Plaintiff is directed to serve process on all Defendants within thirty days or show cause why he has failed to do so. Failure to comply with this Court's order will result in the recommendation that the case be dismissed for failure to prosecute.

---

[2] The language of Rule 41(b) suggests that a Court may only dismiss a case for lack of prosecution on the motion of a party. "If the plaintiff fails to prosecute or to comply with these rules or a court order, *a defendant may move* to dismiss the action . . ." FED. R. CIV. P. 41(b) (emphasis added). Notwithstanding the language of the rule, the Supreme Court has held that courts retain the inherent power to dismiss a case for want of prosecution. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE