IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUCE PAUL BYBEE,

       Plaintiff,

v.                                                                                                  No. CIV-10-0997 JB/CG

PODRAVKA PREHRAMBENA INDUSTRIA D.D.,
a Croatian Limited Liability Joint-Stock Company,
DARKO MARINAC, ZDRAVKO SESTAK, SASA
ROMAC, JOSIP PAVLOVIC, and DOES I - X.

       Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on the United States Magistrate Judge's Order to Show Cause, filed April 4, 2011 (Doc. 5). The Honorable Carmen E. Garza, United States Magistrate Judge, directed Plaintiff Bruce Paul Bybee to show cause why he had failed to effect service on any of the Defendants. Bybee did not respond to the order to show cause. The Court will dismiss this action without prejudice for failure to prosecute.

## ANALYSIS

Defendant Podravka Prehrambena Industrija D.D. is a foreign corporation doing business in the United States of America. Podravka Prehrambena maintains an office in New York, New York and is amenable to service in New York. Bybee therefore had 120 days from the filing of his Complaint, filed October 21, 2010 (Doc. 1), to effect service on Podravka Prehrambena. See Fed. R. Civ. P. 4(m). Bybee failed to effect service on Podravka Prehrambena. The individual defendants are Croatian nationals and are not subject to the 120 day rule. See Fed. R. Civ. P. 4(m). Nevertheless, as stated by Judge Garza,

> While the Tenth Circuit has not spoken to this issue directly, courts have held that,

> when it appears that a Plaintiff has unduly delayed service on foreign defendants, the proper action may be for the Court to dismiss the complaint for failure to prosecute pursuant to FED. R. CIV. P. 41(b). *See, e.g.*, *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc*, 201 F.3d 948, 951-52 (7th Cir. 2000); *Mantalbano v. Easco Hand Tools, Inc.*, 776 F.2d 737, 740 (2nd Cir. 1985); *Rubicon Global Ventures, Inc. v. Chonqqing Zongshen Group*, 2011 WL 3386581 at *1-2 (D.Or. August 25, 2010).

Order to Show Cause at 3. Judge Garza ordered Bybee to effect service on the Defendants within thirty days or to show cause why he had failed to do so. See Order to Show Cause at 3. Bybee did not respond. Almost seven months have passed since Bybee filed his Complaint, and the docket does not reflect any effort on Bybee's part to effect service.

Rule 4(f), which provides the requirements under the Federal Rules of Civil Procedure for serving an individual in a foreign country, provides no time limit for effecting service. In contrast, rule 4(m), which expressly "does not apply to service in a foreign country under Rule 4(f)," provides that, unless a plaintiff shows good cause for delay, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, courts have held that the rules do not establish a time limit for service in a foreign country. In Lucas v. Natoli, 936 F.2d 432 (9th Cir. 1991), the United States Court of Appeals for the Ninth Circuit addressed an interlocutory appeal concerning "whether the requirement . . . that the complaint be served within 120 days after filing applies to service in a foreign country." 936 F.2d at 432. In a two-page per-curiam opinion, the Ninth Circuit held that the 120-day requirement did not apply to service in a foreign country, at least where the plaintiff had otherwise prosecuted the case:

> Appellants' sole argument to the contrary is to no avail. Relying on two cases, Montalbano v. Easco Hand Tools, 766 F.2d 737, 740 (2d Cir. 1985), and Gordon v. Hunt, 116 F.R.D. 313, 318 n.17 (S.D.N.Y. 1987), aff'd 835 F.2d 452 (2d Cir. 1987), cert. denied, 486 U.S. 1008 . . . (1988), they argue that service in a

>foreign country must at least be attempted within 120 days. These cases are, however, inapposite. <u>Each case was dismissed under Rule 4(j) because no service had been effected anywhere at the time of the order of dismissal</u>. Accordingly, the question whether the 120-day requirement of Rule 4(j) applies to service in a foreign country was irrelevant.
>
>We find the controlling language of Rule 4(j) so clear that it allows no latitude for interpretation. Whether or not the Rules of Civil Procedure should be amended to deal more adequately with the question of service in foreign countries is not for us to decide.

936 F.2d at 433.

Notwithstanding the absence of a time limit for foreign service in the rules, courts have held that a case may be dismissed for lack of prosecution under rule 41(b) if a plaintiff fails to execute service. In <u>O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.</u>, the United States Court of Appeals for the Seventh Circuit took up the question of what repercussions should occasion a 233-day delay in service.

>[The Plaintiffs] say that because they were attempting service in a foreign country, they are not subject to the 120-day time period in which to effect service, even though, in a previous motion, they apologized for not meeting the time limit.
>
>. . . .
>
>But for purposes of argument, what if what happened here were service in a foreign country and, therefore, the situation were to fall outside the scope of Rule 4(m)? One answer is, as the court found in <u>Lucas v. Natoli</u>, 936 F.2d 432 (9th Cir. 1991), that there is no latitude for interpretation and there is apparently no time limit for service. If the <u>Lucas</u> court is also implying that there can be no sanction for failure to serve a defendant in a foreign country, that is an implication which we find suspect. It may well be that the provision for dismissal without prejudice under Rule 4(m) does not apply when service is attempted in a foreign country, but it does not follow that a court is left helpless when it wants to move a case along.
>
>Rather, in such a situation we could revert to procedures commonly used prior to the enactment of Rule 4(m) or its predecessor Rule 4(j). Before the enactment of Rule 4(j) with its then-new provision for dismissal without prejudice if service were not made in 120 days, if a "plaintiff delayed service, a defendant could move for dismissal for failure to prosecute under Fed.R.Civ.P. 41(b) . . . ." <u>Gordon v. Hunt</u>, 116 F.R.D. 313 (S.D.N.Y. 1987), a decision of which the Second Circuit

> said, "For the reasons stated in Judge Lasker's well-reasoned opinion [citation omitted], we affirm." Gordon v. Hunt, 835 F.2d 452 (2d Cir. 1987), cert. denied, 486 U.S. 1008 . . . (1988). Because the current rule, Rule 4(m), is silent as to sanctions for not serving foreign defendants, perhaps Rule 41(b), far from being an erroneous basis for a dismissal, is precisely the proper one. We do not, however, decide that issue.

201 F.3d at 951-52. In Nylok Corp. v. Fastener World Inc., 396 F.3d 805 (7th Cir. 2005), the Seventh Circuit further stated:

> Because district courts need to be able to control their dockets, we have stated that the amount of time allowed for foreign service is not unlimited. See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir. 2000) (expressing disagreement with Ninth Circuit view that under Rule 4(m), "there is apparently no time limit for [foreign] service") (citing Lucas v. Natoli, 936 F.2d 432 (9th Cir. 1991)). If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim. See id. at 951-52.

396 F.3d at 807. See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)(stating that a plaintiff could not rely on the foreign service exception to the 120-day time limit, because service in a foreign country had not been attempted).

The Court concludes that it has the power under rule 41(b) to dismiss a case when a plaintiff fails to prosecute the action, as Bybee has here. While the Court may not have the authority to do so under rule 4(m), it may nonetheless have the power under rule 41(b). There is nothing in the language of the Federal Rules of Civil Procedure -- under this rule or elsewhere -- that prevents the Court from relying on one rule to dismiss a case even though dismissal would not be permitted under another rule. For example, a court might be unable to dismiss a case under rule 12(b)(6), but nonetheless able to dismiss it under rule 56.

In the seven months since Bybee filed his Complaint, there is no indication that he has attempted to serve any Defendants. Despite the Court's requests for information where Bybee stands with his service, he failed to respond to the Court's Order to Show Cause. On this basis, the

-4-

Court may dismiss his claims under rule 41(b). See Montalbano v. Easco Hand Tools, Inc., 766 F.2d at 740; Gordon v. Hunt, 116 F.R.D. at 324-25. Moreover, because the Bybee has made no effort to prosecute this case and has not served any Defendants, including Podravka Prehrambena, who is amenable to service in New York, the Ninth Circuit's opinion in Lucas v. Natoli is not to the contrary. See 936 F.2d at 433 (distinguishing case where "[e]ach case was dismissed under Rule 4(j) because no service had been effected anywhere at the time of the order of dismissal").

Furthermore, the Court has the inherent power to impose a variety of sanctions on litigants to, among other things, regulate its docket and promote judicial efficiency. See Martinez v. IRS, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for failure to comply with Court orders, in addition to dismissing for want of prosecution. See Fed. R. Civ. P. 41(b). Bybee's failure to comply with Judge Garza's order to show cause and his failure to effect service on the Defendants is grounds for dismissing the action under this inherent authority.

**IT IS ORDERED** that this action is dismissed without prejudice for failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Bruce Paul Bybee
Santa Fe, New Mexico

    *Plaintiff pro se*